IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SPENCER STOVER,**

    Petitioner,

v.                                                                    Civil Action No. **3:17CV176**

**EDDIE L. PEARSON,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, submitted a 28 U.S.C. § 2254 petition. (ECF No. 1.) Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Petitioner states that he has not raised his claim in his § 2254 Petition in the Virginia courts. (§ 2254 Pet. 6–7.) Thus, the record fails to indicate that Petitioner has properly exhausted his state court remedies with respect to his claim.

By Memorandum Order entered on March 24, 2017, the Court directed Petitioner, within eleven (11) days of the date of entry thereof, to show cause why the present § 2254 Petition should not be dismissed without prejudice for lack of exhaustion. The Court warned Petitioner that a failure to so would result in the dismissal of Petitioner's motion without prejudice to re-file after Petitioner has exhausted his state court remedies for all of his claims.

More than eleven days have elapsed since the entry of the March 24, 2017 Memorandum Order and Petitioner has failed to show cause or otherwise respond. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 4/18/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

2